STERLING *v.* AULTMAN ENGINE & THRESHER CO.

BROKERS—COMMISSIONS—ACTION—EVIDENCE—SUFFICIENCY.

In an action by a broker to recover commissions on the sale of certain machinery, evidence examined, and *held*, to show that plaintiff was not entitled under his contract to any commission except upon orders duly accepted, and that the order in question was never accepted.

Error to Berrien; Coolidge, J. Submitted November 13, 1907. (Docket No. 180.) Decided February 15, 1908.

Assumpsit by John F. Sterling against the Aultman Engine & Thresher Company for commissions on the sale of certain machinery. There was judgment for plaintiff, and defendant brings error. Reversed.

*Gore & Harvey*, for appellant.

*John J. Sterling* and *G. M. Valentine*, for appellee.

MOORE, J.   This suit was brought to recover a com-
mission of $240 which plaintiff claims he was entitled to,
because he had furnished defendant with a purchaser of
a traction engine and corn husker.   The case was tried
before a jury which returned a verdict for the full amount
of plaintiff's claim.   The defendant brings the case here
by writ of error.   The important question is whether a
verdict should have been directed in favor of defendant.
It is the claim of plaintiff that after some correspondence
with the manager of the Chicago office and some talk
with Mr. Wright, a traveling salesman, that he had in-
terviews with Mr. Stuart and solicited him to buy an en-
gine and corn husker, and was informed that if Mr.
Stuart could turn in a village lot as part payment he
would make the purchase of an engine and husker.   It is
his further claim that plaintiff, Mr. Stuart, and Mr.
Wright went to the Chicago office and met the manager,
and that after seeing the machinery at Joliet it was
agreed that the engine should be sold for $800, the husker
for $400, and that Stuart should turn out the lot at $300,
pay $100 when the machinery was delivered, and give
notes for the balance, and that the manager agreed to
this, and that as a result thereof plaintiff was entitled to
his commission.

Defendant's claim is that plaintiff was to be entitled to a
commission only upon orders duly accepted, and that Mr.
Stuart's offer to buy never was accepted.   As to what oc-
curred in Chicago the manager denied that a sale was
completed, and says Mr. Stuart and Mr. Sterling were
both informed that it was very unusual to accept real es-
tate in part payment for machinery, and that the trans-
action must be referred to the Cleveland office and ap-
proved by it before it could be completed; that it was so
referred and was disapproved and Mr. Stuart was at once
so informed.   No machinery was ever forwarded and no
payments were ever made.

There were two papers signed after the visit to Joliet,
having great significance.   Mr. Stuart signed a written

order which he says was read to him and which he read before signing, and a copy of which was returned to him, which paper commenced as follows:

"ORDER FOR SECOND HAND-MACHINERY.

"The original of this order to be forwarded to the Aultman Engine & Thresher Company, Cleveland, Ohio, and is taken subject to its approval."

Mr. Sterling signed a paper reading in part:

"CHICAGO, October 16th, 1906.

"If the order executed by T. J. Stuart for Phœnix Engine and Milwaukee Husker is accepted and approved, my commission in the sale is to be two hundred sixty dollars ($260.00), one-half payable December 15th, 1907, and one-half December 15th, 1908. Said commission to be due and payable when notes executed by said T.J.Stuart favor The Aultman Engine & Thresher Company, described as follows, are paid:    *    *    *

"In case of the order being accepted and the machinery delivered, the lot is to be deeded to the Aultman Engine & Thresher Company and the deed held in escrow at the Benton Harbor State Bank, Benton Harbor, Michigan.

"JOHN F. STERLING."

These papers are utterly inconsistent with plaintiff's version of what occurred in Chicago. According to any view of the case, plaintiff was not to be entitled to a commission until an order was received which was accepted. The proposed order involved the acceptance of a piece of real estate in Michigan for part of the purchase price. The testimony of the manager in Chicago was not only that he did not agree to accept the lot, but that he had no authority to accept it. The manager of the Cleveland office also gave a deposition to the same effect. This testimony of want of authority was not contradicted by any competent evidence nor by any evidence from which authority could fairly be inferred. The trial judge should have directed a verdict in favor of defendant.

Judgment is reversed, and new trial ordered.

GRANT, C. J., and BLAIR, CARPENTER, and McAL-VAY, JJ., concurred.